```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CLARENCE W. MCCORD, JR. &                   CIVIL ACTION
WANDA DALE GUILLERA


VERSUS                                      NO: 13-126


ASI LLOYDS/ASI UNDERWRITERS                 SECTION: R(2)
```

### ORDER AND REASONS

Plaintiffs move to remand their case to state court for lack of federal jurisdiction.[1] For the following reasons, plaintiffs' motion is DENIED.

### I.   BACKGROUND

On April 23, 2010, plaintiffs' home was damaged in a windstorm.[2] Plaintiffs filed an insurance claim with their insurer, ASI Lloyds, but ASI Lloyds denied the claim.[3] On January 31, 2012, Plaintiffs filed this action in state court against ASI Lloyds seeking damages "all of which total less than Fifty Thousand Dollars ($50,000.00)."[4] In response to a discovery interrogatory, plaintiff Guillera specified that in addition to property damage, her damages included $90,000 for medical expenses, $25,000 for lost income, $200,000 for pain and

---

[1] R. Doc. 7.

[2] R. Doc. 1-2 at 1.

[3] *Id.*

[4] *Id.* at 2.

suffering, and $200,000 for loss of consortium.[5] Defendant removed the case to federal court on January 23, 2013.[6] Plaintiffs move to remand because they claim the amount in controversy is less than $75,000 and that this Court lacks jurisdiction.[7]

**II.  STANDARD**

**A.  REMOVAL**

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). To assess whether jurisdiction is appropriate, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.* Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, jurisdiction

---

[5] R. Doc. 1-5 at 1.

[6] R. Doc. 1.

[7] R. Doc. 7.

is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.    THE AMOUNT IN CONTROVERSY REQUIREMENT**

Defendant asserts that the Court has jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists only when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the parties do not dispute that they are citizens of different states, the Court need only consider whether the amount in controversy requirement is met.

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control and bar removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand."). Louisiana law does require a plaintiff to state "a general allegation that the claim exceeds or is less than the requisite amount" to establish "the lack of jurisdiction of federal courts." *Id.* Nevertheless, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met. This is because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law." *Mouton v. Meritplan Ins. Co.*, No. 10-1643, 2010 WL 2978495, at *2 n.15 (E.D. La. July 20, 2010) (citing *Pierce v. State Farm Fire & Cas. Co.*, No. 09-7442, 2010 WL 1817799, at * 2 (E.D. La. Apr. 30, 2010)). Courts treat these general allegations as stating an "indeterminate amount of damages." *Mouton*, 2010 WL 2978495, at *2 & n.15 (treating a general allegation in a plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount); *see Hammel v. State Farm Fire & Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (treating plaintiffs' allegation that their "claim does not exceed $75,000"

4

in their petition as alleging an "indeterminate amount of damages"). Accordingly, plaintiffs have alleged an indeterminate amount of damages in their petition.

When, as here, the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). When the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336. If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by

establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412.

Post-removal affidavits may be considered only in limited situations. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (explaining that in determining whether remand is proper, the court can consider an affidavit "clarify[ing] a petition that previously left the jurisdictional question ambiguous.")). If, however, the amount in controversy is clear from the face of the complaint, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292).

### III. DISCUSSION

As explained above, plaintiffs' petition alleged an indeterminate amount of damages. Defendant, then, must submit evidence that proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Hammel*, 2007 WL 519280 at *3.

## A. DEFENDANT HAS SHOWN THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Defendant points to plaintiff Guillera's response to a discovery interrogatory as proof of the amount in controversy. In Guillera's response, she itemized her damages as $90,000 for medical expenses, $25,000 for lost income, $200,000 for pain and suffering, and $200,000 for loss of consortium, in addition to previously submitted property damage.[8] This amount exceeds the $75,000 amount in controversy requirement.

Plaintiffs argue that Guillera was only "puffing" and that her response should not be considered in determining the amount in controversy. Plaintiffs rely on *Gwyn v. Wal-Mart Stores, Incorporated*, 955 F. Supp. 44 (M.D.N.C. 2010). In *Gwyn* the Court did not consider a plaintiff's settlement offer when determining the amount of controversy because "counsel naturally will try to inflate its value." *Gwyn*, 955 F. Supp. at 46. Even if there were binding Fifth Circuit authority holding that settlement offers may not be considered when determining the amount in controversy, which plaintiff has not cited, Guillera was not making a settlement offer. Instead, she was asked to "[i]temize the damages you contend you have sustained as a result of the accident, by stating the dollar amount you contend you are

---

[8] R. Doc. 1-5 at 1.

7

entitled to for each separate element of damages sought."[9] Responses to interrogatories are "summary-judgment-type evidence," and may be considered when calculating the amount in controversy. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (per curiam) (finding that the amount in controversy requirement was met after considering plaintiff's response to interrogatories itemizing her damages); *Cutrer v. Scottsdale Ins. Co.*, No. 08-1658, 2009 WL 2448047, at *5 (E.D. La. Aug. 6, 2009) (relying on plaintiff's response to discovery requests when determining that the amount in controversy likely exceeded $75,000).

Because plaintiffs' own interrogatory responses claim damages far above $75,000, defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. To succeed now on their motion to remand, plaintiffs must show with legal certainty that their claims are less than $75,000. *Hammel*, 2007 WL 519280 at *3.

### B.   PLAINTIFFS DO NOT PROVE WITH LEGAL CERTAINTY THAT THEIR CLAIMS ARE LESS THAN $75,000

Plaintiffs have submitted an affidavit "reaffirm[ing]" that their claim "is limited to the total of Fifty Thousand Dollars ($50,000)," as stated in their petition.[10] In an attempt to

---

[9] *Id.*

[10] R. Doc. 7-3.

explain Guillera's response to the interrogatory, the affidavit states

> Guillera had preexisting medical problems . . . which she claims were aggravated to some extent by the incident claimed in this lawsuit, but that most of the medical expenses, and the elements of damages which she outlined in her response to Interrogatory No. 1, were preexisting illnesses that were not caused by this incident. As set forth above, all of the aggravation or increase of her pre-existing illness and medical costs arising therefrom, and all other damages fall within the limitation of "less than $50,000", as set forth in . . . the Petition.[11]

This affidavit does not help plaintiffs for two reasons. First, it says that *most* of Guillera's damages claimed in her response to the interrogatory were not caused by this incident. Therefore, it is not legally certain that the damages Guillera listed will not exceed $75,000.

Second, and most importantly, because "Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Griffin v. Ga. Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 779 (W.D. La. 2008). Plaintiffs do not state that they will not accept an amount that exceeds $75,000; accordingly, their affidavit is insufficient. *See Id.* (finding no express waiver when plaintiff does not renounce an award in

---

[11] *Id.*

excess of $75,000); *Onstott v. Allstate Ins. Co.*, No. 06-3297, 2006 WL 2710561, at *2 (E.D. La. Sept. 20, 2006) (finding no binding stipulation when plaintiff did not waive entitlement to recover damages in excess of the jurisdictional amount); *cf. Hammel*, 2007 WL 519280 at *3 (finding a binding stipulation when "the plaintiffs aver[red] in their affidavit that '[n]either our lawyer nor we will accept an amount that exceeds $75,000'").

Plaintiffs' affidavit simply asserts that their damages fall within the $50,000 allegation in their petition, and that their petition "is binding upon them."[12] This assertion is not a stipulation and is an incorrect statement of the law. As discussed above, plaintiffs' allegations in their petition are *not* binding on them. *See* La. Code Civ. Proc. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.").

Plaintiffs' affidavit does not establish with legal certainty that their claims are less than $75,000. *See Crosby v. Lassen Canyon Nursery, Inc.*, No. Civ. A. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3 2003) (finding that plaintiffs' affidavit agreeing "not to seek damages in excess of $75,000" insufficient because "plaintiffs are not limited to recovery of

---

[12] R. Doc. 7-3 at 2.

the damages requested in their pleadings," and they did not "stipulate that they would not accept more than $75,000 if a state court awarded it"). Accordingly, plaintiffs failed to meet their burden of establishing with legal certainty that their claims are less than $75,000. This Court has jurisdiction in this matter.

**IV. CONCLUSION**

Accordingly, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 22nd day of March, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE